In re Carl **RICCITELLI**, Debtor.

**Carl Riccitelli, Plaintiff,**

v.

**Girard Savings Bank, Wilshire Credit Corp., Green Mountain Power Corporation, Defendants.**

**Bankruptcy No. 95–10030RLK.**
**Adversary No. 98–1005.**

United States Bankruptcy Court.
D. Vermont.

Nov. 9, 1999.

Lisa L. Chalidze, Miller Faignant & Behrens, P.C., Rutland, VT, for Carl Riccitelli.

Christina Reiss, Sheehey Furlong Rendall & Behm, P.C., Burlington, VT, for Green Mountain Power Corporation—Defendant.

Douglas Wolinsky, Saxer Anderson Wolinsky & Sunshine, P.C., Burlington, VT,

for Wilshire Credit Corp. and Girard Savings Bank—Defendants.

### RULING ON MOTION FOR ENTRY OF FINAL JUDGMENT

ROBERT L. KRECHEVSKY,
Bankruptcy Judge.[1]

### I.

#### Issue

The issue before the court is whether Green Mountain Power Corporation (the "Defendant") is entitled to the entry of final judgment pursuant to Fed.R.Civ.P. 54(b) on the amended complaint (the "Amended Complaint") filed by Carl Riccitelli, the debtor in this chapter 13 case (the "Debtor"). This court (Conrad, J.) previously granted summary judgment in favor of the Defendant on all counts against the Defendant in the Amended Complaint.

### II.

#### Background

The following background is derived from the court record in this proceeding. On or about January 13, 1998, the Debtor initiated an adversary proceeding against the Defendant, alleging that the Defendant was responsible for the destruction by fire of the Debtor's house located in Wilmington, Vermont. The Debtor's complaint (the "Complaint") asserted claims against the Defendant sounding in trespass, negligence, breach of warranty, strict products liability, and intentional or negligent infliction of emotional distress.

On or about August 13, 1998, the Debtor filed the Amended Complaint, asserting claims, in addition to those asserted against the Defendant, against Girard Savings Bank ("Girard") and Wilshire Credit Corp. ("Wilshire," and together with Girard, the "Other Defendants"),[2] alleging that those parties breached an obligation

to insure his home for his benefit. The Debtor's claims against Wilshire and Girard (insurance of the home for the Debtor's benefit), although arising from the fire at the Debtor's home, clearly were entirely different from the claims against the Defendant (liability for causing fire).

On or about May 6, 1999, the Defendant filed a motion for summary judgment, and on June 17, 1999, after oral argument, the court (Conrad, J.) ruled from the bench, granting summary judgment to the Defendant on all counts in the Amended Complaint. Judge Conrad signed a separate order entered on July 2, 1999. Judge Conrad also granted partial summary judgment to the Other Defendants, reserving for another day an issue (the "Accounting Issue") of:

> whether the [Other] Defendants obtained the full amount of the available insurance proceeds from their insurance company, and how those proceeds were applied to the Debtor's loan, in order to determine what amount, if any, the Debtor may still owe to the [Other] Defendants.

June 30, 1999 Order Granting Girard Savings Bank and Wilshire Credit Corporation's Motion for Summary Judgment.

On July 13, 1999, the Debtor filed a notice of appeal of Judge Conrad's order granting summary judgment in favor of the Defendant. The Debtor, on July 22, 1999, filed a motion to dismiss his appeal as premature because the order in favor of the Defendant was not a final order. On August 10, 1999, the Bankruptcy Appellate Panel for the Second Circuit dismissed the appeal, without prejudice, as untimely.

The Debtor, on July 26, 1999, filed a motion to vacate Judge Conrad's summary judgment order in favor of the Defendant. At a hearing on September 22, 1999, this court (Krechevsky, J.) denied the Debtor's motion to vacate. The court further di-

---

1. Sitting by assignment of the Judicial Council of the Second Circuit.

2. Wilshire appears to have been a mortgage servicing entity used by Girard with respect to the Debtor's loans.

rected that the Debtor, Girard and Wilshire submit a scheduling order regarding discovery, dispositive motion deadlines and a trial date, all with respect to the Accounting Issue.

On September 30, 1999, the Defendant filed the present motion for an order pursuant to Fed.R.Civ.P. 54(b) directing entry of final judgment with respect to the Debtor's claims against the Defendant. The Debtor filed an objection to the motion and the court heard oral argument on October 13, 1999, after which it reserved decision.

## III.

### *Discussion*

#### A.

■ Fed.R.Civ.P. 54(b), which applies in bankruptcy adversary proceedings by virtue of Fed. R. Bankr.P. 7054(a), states in relevant part as follows:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed.R.Civ.P. 54(b).

■ "Rule 54(b) provides an exception to the general principle that a final judgment is proper only after the rights and liabilities of all the parties to the action have been adjudicated. It empowers the district court to enter a final judgment as to fewer than all of the parties in an action, but 'only upon an express determination that there is no just reason for delay.'" *Hogan v. Consolidated Rail Corp.*, 961 F.2d 1021, 1024–25 (2nd Cir.1992) (citation omitted).

■ In analyzing whether a Rule 54(b) final judgment should be entered "[a] district court must first determine that it is dealing with a 'final judgment' in the sense that it is a decision on a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980) (citation omitted). "One way to approach the finality issue is to imagine that the adjudicated claims had been brought in a separate, independent action. If the adjudication would be final in such a hypothetical independent action, it is final for the purposes of certification under Rule 54(b)." 10 *Moore's Federal Practice* ¶ 54.22[2][a] at 54–43.

After determining that the finality requirement is met, the court must make an "express determination that there is no just reason for delay." *Hogan*, 961 F.2d at 1025 (citation omitted). That test has been satisfied where there are "interest[s] of sound judicial administration and efficiency to be served ... or in the infrequent harsh case, ... where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Id.* (internal citations and quotations omitted); *see also Washington Elec. Co-op. v. Mass. Mun. Wholesale Elec.*, 894 F.Supp. 777, 792–93 (D.Vt.1995) (quoting extensively from *Hogan*).

#### B.

The court must first determine whether there has been a final decision "disposing of one or more claims or one or more parties in a multi-claim or multi-party action." 10 *Moore's Federal Practice* ¶ 54.21[2] at 54–37 (3d ed.1999). In that regard, the court notes that the adversary proceeding was originally commenced against the Defendant, solely; Wilshire and Girard were added seven months later in an amendment to the Complaint with entirely new claims asserted only against Wilshire and Girard. A review of the Amended Complaint does not disclose any

overlap in the claims brought against the Defendant with the claims brought against the Other Defendants. The claims against the Defendant relate to causation of, and liability for, the fire; the claims against the Other Defendants relate to the entitlement to, and usage of, the fire insurance proceeds. Any factual or legal determination remaining to be made in this proceeding relates solely to the Accounting Issue, and will have no impact upon the Defendant. With regard to the Defendant, nothing remains in this proceeding to be decided and the finality test of Rule 54(b) has been satisfied.

▆▆▆ Whether there is no "just reason for delay" is a more complicated determination. Rule 54(b) does not establish which party bears the burden of persuasion. The case law places the burden on the movant to make "some showing" "that would justify entering final judgment now rather than at the completion of the entire litigation." *Washington Elec.*, 894 F.Supp. at 792–93 (and cases cited therein). In the final analysis, however, "[i]t is left to the sound discretion of the [trial] court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised 'in the interests of sound judicial administration'... [and the] court must take into account judicial administrative interests as well as the equities involved." *Curtiss–Wright*, 446 U.S. at 8, 100 S.Ct. 1460 (citation omitted).

In its favor, the Defendant argues that it "is a publicly regulated and publicly traded company... [and] ... should be entitled to disclose to its auditors, insurers, regulators, shareholders and other interested parties that the Debtor's claims seeking compensatory damages in excess of a million dollars as well as punitive damages in an unknown amount have been resolved in [the Defendant's] favor." (Def.'s Supp. Mem. of Law at 3.) From the perspective of judicial efficiency, the Defendant argues that "[t]here is no overlapping evidence, witnesses or factual or legal issues be-tween the Debtor's claims against [the Defendant] and his claims against the other defendants. The only common fact is that both claims emanate from a fire at the Debtor's home which no party disputes. Because the claims against [the Defendant] and the other parties are factually and legally distinct, and because nothing remains [to be] determined with regard to the [Debtor's] claims against [the Defendant], no appellate court will ever need to consider the same issues twice." (*Id.* at 4.)

The Defendant also argues, and the court is persuaded, that the joining of the claims against the Defendant and the Other Defendants in the Amended Complaint was a decision made by the Debtor grounded on administrative convenience only. Thus, had the Debtor filed a separate complaint against the Other Defendants rather than amending the Complaint against the Defendant to add them as party-defendants, this issue would not be before the court.

The Debtor's primary argument is that the Defendant has not met its burden under Rule 54(b). The Debtor further argues that entering final judgment at this juncture will unfairly require the Debtor to divide his limited resources between two appeals.

The court concludes that there is no just reason for delay in entering final judgment in favor of the Defendant. The court determines that: (i) there is no factual, evidentiary or legal overlap in the claims; (ii) the claims appear together in the Amended Complaint merely by virtue of the Debtor's choice; (iii) no significant judicial economy will be served on appeal by the continued joinder of the parties in a single litigation given the distinct claims and evidence; (iv) no unnecessary appellate review will result from a "severance" of the claims pursuant to a Rule 54(b) certification given the lack of factual or legal overlap in the claims; (v) fairness militates in favor of enabling the Defendant to move towards conclusion of the proceeding through appeal *vel non*, rather than re-

quiring the Defendant to be a nominal participant in an, essentially, unrelated litigation because of the Debtor's pleading choices; (vi) as a public company, the Defendant has an interest in notifying its auditors and shareholders that it has prevailed at the trial court level; and (vii) the court is not persuaded that the potential expense to be borne by the Debtor as a consequence of two appeals is relevant given the lack of factual and legal overlap in the claims.

## IV.

### Conclusion

For the foregoing reasons, the Defendant's motion for entry of final judgment pursuant to Fed.R.Civ.P. 54(b) is granted and an order for entry of final judgment will enter.

It is SO ORDERED.